# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**AMOS DEHONTIQUAN SNOWDEN,**

     **Petitioner,**

**v.**                            **Case No.: 3:14cv637-LC/CAS**

**JULIE L. JONES, Secretary, Florida Department of Corrections,**

     **Respondent.**

_____,

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On November 20, 2014, Petitioner Amos Snowden, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.  Petitioner filed an amended petition on October 16, 2015.  ECF No. 13.  Petitioner's amended petition brought eight claims for relief. The Court ordered Respondent to file a response to Petitioner's amended petition, and on August 4, 2016, Respondent moved to dismiss the petition as untimely.  ECF No. 23.  Petitioner replied to Respondent's motion on October 5, 2016.  ECF No. 32.

The matter is referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the District Court regarding dispositive matters, pursuant to 28 U.S.C. § 636

and Northern District of Florida Local Rule 72.2(B).  As explained in detail below, based on the pleadings and attachments before the Court, the undersigned has determined Respondent's motion to dismiss should be granted, and the amended section 2254 petition should be dismissed as untimely.

## Background and Procedural History

### A. Proceedings in Florida State Courts

On October 23, 2008, Petitioner was charged by information in the Circuit Court of Escambia County, Florida, with two charges of sexual battery with a deadly weapon or force likely to cause serious personal injury in violation of section 794.011(3), Florida Statutes; one charge of aggravated battery with great bodily harm or with a deadly weapon in violation of section 784.045(1)(a), Florida Statutes; and one count of false imprisonment in violation of section 787.02, Florida Statutes.  ECF No. 23 Ex. A at 1.  Petitioner was convicted on Counts One, Three, and Four; and was convicted on Count Two of the lesser included offense of sexual battery with threat to use force or violence.  ECF No. 23 Ex. A at 29–31. Petitioner was sentenced as a habitual felony offender to life imprisonment on Counts One and Two, twenty-five years imprisonment on Count 3, and

Case No.: 3:14cv637-LC/CAS

five years imprisonment on Count Four, the sentences to run concurrently.
ECF No. 23 Ex. A at 80–83.

Petitioner appealed to Florida's First District Court of Appeal
(hereafter "DCA"), which affirmed his conviction per curiam without opinion
on May 3, 2010.  ECF No. 23 Ex. G; Snowden v. State, 34 So. 3d 7 (Fla.
1st DCA 2010) (table).  The DCA issued its mandate on May 19, 2010.
ECF No. 23 Ex. H. Petitioner filed a motion for rehearing on the same day,
which was denied on June 16, 2010.  ECF No. 23 Ex. I.  Because the DCA
affirmed Petitioner's conviction without opinion, Petitioner was barred from
seeking discretionary review by the Florida Supreme Court.[1]  On
September 14, 2010, Petitioner's ninety-day window to seek certiorari
review in the United States Supreme Court expired, and Petitioner's
conviction and sentence became final.[2]

Petitioner then sought state post-conviction relief.  On September 28,
2010, Petitioner filed a pro se motion for post-conviction DNA testing

---

[1] *See*, *e.g.*, Jackson v. State, 926 So. 2d 1262, 1265 (Fla. 2006).
[2] *See* Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction
becomes final when the time expires for filing a petition for certiorari contesting the
appellate court's affirmation of the conviction"); Bond v. Moore, 309 F.3d 770, 773–74
(11th Cir. 2002) (explaining that a judgment becomes final either when the United
States Supreme Court issues a decision on the merits or denies certiorari, or when the
time for filing a petition for certiorari expires).
Case No.: 3:14cv637-LC/CAS

pursuant to Florida Rule of Criminal Procedure 3.853 (hereafter "Rule 3.853 motion").  ECF No. 23 Ex. R at 1–14.  Petitioner sought additional DNA testing of several items of evidence, questioned the reliability of the methods used to generate the results of prior DNA tests admitted at trial, and appeared to allege that his trial counsel was constitutionally ineffective.  The state post-conviction court denied Petitioner's Rule 3.853 motion as facially insufficient, ECF No. 23 Ex. R. at 16–18, and declined to treat Petitioner's other allegations as a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 "as the arguments as outlined in the current motion would be facially insufficient."  ECF No. 23 Ex. R. at 20.  Petitioner made a pro se filing titled "Notice of Appeal 3.850" but did not raise any Rule 3.850 claims in his notice, which discusses only the post-conviction court's denial of his Rule 3.853 motion.  ECF No. 23 Ex. R. at 51–63.  The First DCA affirmed the denial of Petitioner's Rule 3.853 motion per curiam without opinion on May 26, 2011, denied rehearing, and issued its mandate on August 17, 2011.  ECF No. 23 Exs. S, T, & U; Snowden v. State, 65 So. 3d 1059 (Fla. 1st DCA 2011) (table).

Petitioner also filed a series of pro se motions for post-conviction relief.  Petitioner's first such motion—alleging ineffective assistance of both

trial and appellate counsel pursuant to Florida Rule of Criminal Procedure 3.850—was filed with the First DCA on November 7, 2010, while his Rule 3.853 motion was pending before the state post-conviction court.  ECF No. 23 Ex. N.  The DCA per curiam denied Petitioner's motion on the merits in a one-sentence opinion issued on December 6, 2010.  ECF No. 23 Ex. P; Snowden v. State, 51 So. 3d 502 (Fla. 1st DCA 2010) (memorandum opinion), *reh'g denied* (Jan. 14, 2011).  Petitioner's motion for rehearing was denied on January 14, 2011.  ECF No. 23 Ex. Q.

Next, while the Rule 3.853 motion was pending before the First DCA, Petitioner filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), contending that Florida law did not permit a "habitual offender" sentence to be imposed on a conviction for a life felony.  ECF No. 23 Ex. J.  The state post-conviction court denied the motion on May 6, 2011.  ECF No. 23 Ex. K.  Petitioner then filed a pro se motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) on June 5, 2011, arguing that his sentence violated due process, because he did not receive notice that he would be sentenced as a habitual offender. ECF No. 23 Ex. V. The state post-conviction court denied this motion on July 13, 2011.  ECF No. 23 Ex. V.  Petitioner appealed to the First DCA,

which affirmed the post-conviction court's decision per curiam without opinion on December 7, 2011.  ECF No. 23 Ex. W; <u>Snowden v. State</u>, 78 So. 3d 540 (Fla. 1st DCA 2011) (table) *reh'g denied* (Feb. 3, 2012).  The DCA denied Petitioner's motion for rehearing on February 3, 2012. ECF No. 23 Ex. Y.  The DCA also denied Petitioner's motion for certified question, and issued its mandate on February 22, 2012.  ECF No. 23 Exs. AA & BB.

On September 5, 2012, Petitioner filed a second pro se motion pursuant to Rule 3.850 alleging 27 claims for relief.  ECF No. 23 Ex. CC at 47–96.  This motion was filed after the First DCA issued its mandate denying Petitioner's Rule 3.853 motion, and while Petitioner's Rule 3.800(b)(2) motion was still pending before that court.  On October 25, 2011, the state post-conviction court struck the motion as facially insufficient and granted leave to file an amended response, which Petitioner did on November 27, 2011. ECF No. 23 Ex. CC at 97–127.  Petitioner also requested an evidentiary hearing.  ECF No. 23 Ex. CC at 109.  The state post-conviction court granted an evidentiary hearing on Petitioner's claims that his trial counsel had not advised him he could face life in prison as a habitual felony offender, and had failed to advise him of

Case No.: 3:14cv637-LC/CAS

plea offers.  ECF No. 23 Ex. CC at 135–36.  The court held the hearing on

May 3, 2012, and denied Petitioner's motion on May 11, 2012.  ECF No. 23

Ex. DD.  Petitioner appealed, and the First DCA affirmed per curiam

without opinion on August 28, 2012.  ECF No. 23 Ex. HH; Snowden v.

State, 96 So. 3d 891 (Fla. 1st DCA 2012).  Following the denial of

Petitioner's motion to correct, the mandate was issued on September 25,

2012.  ECF No. 23 Ex. KK.

On July 31, 2012—while Petitioner's second Rule 3.850 motion was

on appeal—Petitioner filed a third motion to correct illegal sentence, again

under Rule 3.800(a).  The state post-conviction court denied this motion on

August 14, 2012—42 days before the First DCA issued its mandate on

Petitioner's second Rule 3.850 motion.  ECF 23 No. Ex. M.

On October 14, 2012—19 days after the First DCA issued its

mandate on Petitioner's second Rule 3.850 motion—Petitioner filed a

motion to dismiss his conviction and sentence.  ECF No. 23 Ex. LL at 1–16.

The state post-conviction court treated Petitioner's motion to dismiss as a

motion for post-conviction relief under Rule 3.850 because of the nature of

the relief sought.  ECF No. 23 Ex. LL at 17.  On January 23, 2013, the court

dismissed Petitioner's motion as untimely, because it was filed outside the

Case No.: 3:14cv637-LC/CAS

two-year window in which Rule 3.850 motions may be filed and was

covered by any exception to that rule.  ECF No. 23 Ex. LL at 19.  The First

DCA affirmed the dismissal per curiam without opinion on May 20, 2013,

and issued its mandate to that effect on June 17, 2013.  ECF No. 23 Exs.

MM & NN; Snowden v. State, 113 So. 3d 839 (Fla. 1st DCA 2013)(table).

On June 3, 2013,[3] Petitioner filed a pro se motion for a new trial.

ECF No. 23 Ex. OO at 1–30.  Construing the motion as a Rule 3.850

motion, the state post-conviction court dismissed the motion for failure to

include the proper oath as required by Rule 3.850(c).  ECF No. 23 Ex. OO

at 31–32.  On July 30, 2013, Petitioner filed a final Rule 3.850 motion.  ECF

No. 23 Ex. OO at 33–45.  The state post-conviction court denied this

motion as untimely.  ECF No. 23 Ex. OO at 46–77.  Petitioner appealed,

and on June 13, 2014, the First DCA affirmed the dismissal of Petitioner's

motion per curiam without opinion.  ECF No. 23 Ex. RR; Snowden v. State,

No. 1D13-6089, 2014 WL 2625030 (Fla. 1st DCA June 13, 2014) (slip

copy).  The mandate was issued on July 9, 2014.  ECF No. 23 Ex. SS.

---

[3] Petitioner's certificate of service was dated May 28, 2013, but the motion does not bear any discernable stamp or marking indicating the date it was given to prison staff for mailing.  In the absence of any indication of when the motion was filed under the Mailbox Rule, this Court treats the motion as having been filed on June 3, 2013, which is the date it was received by the state post-conviction court.  As explained below, the filing date of this motion is moot.

## B. Proceedings before this Court

Petitioner filed a petition for a writ of habeas corpus with this Court on November 20, 2014, ECF No. 1, and an amended petition on October 16, 2015.  ECF No. 13.  Petitioner raised eight grounds for relief in his amended petition, including alleged violations of the Fourth, Sixth, and Fourteenth Amendments.  In his initial petition,[4] Petitioner contended that his petition should be deemed timely because Petitioner was impeded from filing at an earlier point. Specifically, Petitioner contends that 1) Petitioner is "unlearned in law"; 2) that he "did not have meaningful access" to either a law library or adequately-trained law clerks while in state prison; and 3) that the state post-conviction court twice declined to appoint counsel to assist Petitioner with post-conviction litigation.  ECF No. 1 at 13–14.

Respondent moved to dismiss the petition on timeliness grounds.  ECF No. 23 at 1–12.  Respondent also contends that, if the petition is

---

[4] Petitioner does not explicitly address timeliness in his amended petition.  *See* ECF No. 13.  Petitioner does, however, allege that he was prejudiced by the state court's denial of his request to appoint post-conviction counsel.  ECF No. 13 at 5, 13.  Furthermore, because Petitioner is proceeding pro se, the Court must interpret his pleadings with less stringency than it would similar pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Accordingly, the Court will consider the relevant points in both Petitioner's initial and amended petitions for purposes of Respondent's instant motion.
Case No.: 3:14cv637-LC/CAS

untimely, Petitioner is not entitled to equitable tolling, because Petitioner

cannot show the type of extraordinary circumstance required to make

available such an extraordinary remedy.  ECF No. 23 at 12–15.  Petitioner

filed a reply, asserting that the statutory filing deadline was sufficiently

tolled by his state post-conviction filings, and that his petition is therefore

timely.  ECF No. 32 at 1–2.  Petitioner further contends that his claims of

"manifest injustice, ineffective assistance of counsel, and due process

violations" would overcome any timeliness bar. ECF No. 32 at 2.

## Analysis

Respondent contends that both Petitioner's original section 2254

motion and Petitioner's amended section 2254 motion are untimely,

because both were filed after the AEDPA statute of limitations had expired.

ECF No. 23 at 6–12.  Petitioner responds that the statutory deadline was

tolled by his state post-conviction filings, including his Rule 3.853 motions

for post-conviction DNA testing.  ECF No. 32 at 1–2.  Petitioner also

contends that he is entitled to equitable tolling of the deadline, which

Respondent opposes.  ECF No. 1 at 13–14.  Petitioner claims that the state

post-conviction court's denial of his motions to appoint counsel prevented

him from timely filing, and also that he received faulty legal advice.  ECF

Case No.: 3:14cv637-LC/CAS

No. 13 at 5, 19.  Finally, Petitioner asserts that he could not have raised his eighth claim for relief at an earlier stage, because he "was not of the knowledge" to make the claim until after filing his original section 2254 petition.  ECF No. 13 at 18.

### A. Petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d)(2).

Pursuant to the AEDPA "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus" made under section 2254.  28 U.S.C. § 2244(d)(1) (2016).  The limitation period generally runs from the date on which the applicant's conviction and sentence became final, whether through the conclusion of direct review thereof, or the expiration of the time in which the applicant could have sought such review.  *Id.* § 2244(d)(1)(A).  The limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending…."  *Id.* § 2244(d)(2).  "A state postconviction application remains pending until the application until the application has achieved final resolution through the State's postconviction procedures."  Lawrence v. Florida, 549 U.S. 327, 332 (2007) (internal marks omitted) (quoting Carey v. Saffold, 536 U.S. 214, 220 (2002)).

Case No.: 3:14cv637-LC/CAS

To toll the statutory deadline, a state petition must be "properly filed." 28 U.S.C. § 2244(d)(2).  This requires, among other things, that the state application be timely filed in the state court: time limits are a "condition to filing" petitions, such that a motion which does not comply with an applicable time limitation would not be "properly filed."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Other conditions of filing include "the applicable laws and rules governing filings" such as "the form of the document, . . . the court and office in which it must be lodged, and the requisite filing fee."  *Id.* "[A] petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception."  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).

Petitioner's final three motions in the state post-conviction court—ECF No. 23 Exs. M, LL, and OO—did not comply with Florida filing deadlines and certification requirements, and were therefore not "properly filed".  *See* Artuz, 531 U.S. at 8 (untimely motions are not "properly filed"); Pace, 544 U.S. at 413 (filing which does not abide by state filing requirements is not "properly filed"). Therefore, they cannot toll the filing deadline.  Neither does Petitioner's Rule 3.853 motion for post-conviction DNA testing toll the

filing deadline.  *See* Brown v. Sec'y for Dep't of Corr., 530 F.3d 1335, 1337–39 (11th Cir. 2008) (holding that a Rule 3.853 motion is "an application for discovery only" and does not toll the deadline).  Petitioner's timely filed Rule 3.850 motions did toll the deadline.  *See* Baker v. McNeil, 439 F. App'x 786, 787 (11th Cir. 2011) (a properly filed motion which contains "an attack on the constitutionality or legal correctness of the sentence" will toll the AEDPA filing deadline).  The same is true of Petitioner's Rule 3.800(a) and (b) motions, which attacked the legality of his sentence and did contain "some form of legal analysis" rather than being mere "plea[s] for leniency. . .."  *Id.*; *see also* Ali v. McNeil, 4:10-CV-00006-SPM-GRJ, 2011 WL 902419, at *2 (N.D. Fla. Jan. 20, 2011) (a tolling motion "must be an attack on the constitutionality or legal correctness of a sentence")(internal marks and citations omitted).

Accordingly, Petitioner's AEDPA limitation period began to run on September 14, 2010, when his window to apply to the United States Supreme Court for a writ of certiorari on direct appeal closed, and his conviction and sentence became final.  Although Petitioner filed his Rule 3.853 motion fourteen days later on September 28, 2010, that filing did not toll the limitation period.  *See* Brown, 530 F.3d at 1337–39.  Rather, the

limitation period ran for 53 days until November 7, 2010, when Petitioner filed his first application for writ of habeas corpus directly with the First DCA.  The limitation period began to run again when the First DCA denied Petitioner's motion for rehearing of that application on January 14, 2011.  It ran for another 101 days, until being tolled by Petitioner's first Rule 3.800(a) motion, filed on April 26, 2011.  When Petitioner's first 3.800(a) motion was denied on May 9, 2011, the limitation period ran for 26 days, until Petitioner filed his 3.800(b)(2) motion on June 5, 2011.

At this point, 180 untolled days had passed since the conclusion of Petitioner's direct appeal process, and Petitioner had 185 days remaining in the limitation period after accounting for statutory tolling.  The First DCA denied rehearing on Petitioner's Rule 3.800(b)(2) motion on February 3, 2012, but the pendency of that motion overlapped with Petitioner's first Rule 3.850 motion, which was filed on September 5, 2011, and remained pending until September 25, 2012.  This overlap ensured that the limitation period tolled continuously from June 5, 2011, until September 25, 2012.  Petitioner's second Rule 3.800(a) motion—which was filed on July 31, 2012, and denied on August 14, 2012—fell entirely within this larger tolling period.  Thus, when the limitation period began to run again on September

Case No.: 3:14cv637-LC/CAS

25, 2012, Petitioner still had 185 days remaining in which to file a timely section 2254 petition.

On October 14, 2012, Petitioner filed a second Rule 3.850 motion. This motion was dismissed as untimely, and does not toll the limitation period.  *See* Artuz, 531 U.S. at 8 (untimely motions are not "properly filed"). Petitioner's third Rule 3.850 motion was filed on June 3, 2013, but was dismissed for failing to bear an oath sufficient to satisfy Florida's filing requirements, and therefore also does not toll the limitation period.  *See* Pace, 544 U.S. at 413 (filing which does not abide by state filing requirements is not "properly filed").  Petitioner's fourth Rule 3.850 motion—filed on July 30, 2013—was also dismissed as untimely, and does not toll the limitation period.  *See* Artuz, 531 U.S. at 8. Because these filings did not toll the limitation period, the last day for Petitioner to file a timely section 2254 petition was March 29, 2013.  Petitioner filed his petition with this Court on November 20, 2014, more than a year and a half after the limitation period had run.  Moreover, even if Petitioner's Rule 3.853 motion were held to toll the limitation period, Petitioner's AEDPA window would have expired on August 23, 2013, more than a year before Petitioner filed his petition with this Court.

Case No.: 3:14cv637-LC/CAS

Accordingly, Petitioner's section 2254 petition for writ of habeas corpus is untimely under 28 U.S.C. § 2254(d)(2).

## B. Petitioner's § 2254 petition is untimely under 28 U.S.C. §§ 2244(d)(1)(B) and (d)(1)(D).

In the eighth ground for relief ("Ground Eight") brought in Petitioner's amended petition to this Court, Petitioner alleges for the first time that "the [t]rial court erred in exempting trial counsel [at the May 3, 2012 evidentiary hearing] from [the] Rule of [S]equestration without showing that counsel's presence was essential" and that Petitioner "was not of the knowledge in order to prepare an attack until now." ECF No. 13 at 18. Petitioner contends that, because he was without counsel at the May 3 hearing, he was neither aware of the Rule of Sequestration nor of the need to invoke it. Since that time, Petitioner asserts, he has become aware of the basis for this claim, and could not have made it earlier. ECF No. 13 at 18. Because the law demands that pro se pleadings be interpreted liberally and construed so as to do justice, *see supra* note 4, the Court interprets Petitioner's motion as raising a claim that Ground Eight is timely under either 28 U.S.C. § 2244(d)(1)(B) or 28 U.S.C. § 2244(d)(1)(D).

Section 2244(d)(1) provides four events which trigger the beginning of the one-year AEDPA limitation period, one of which is the finalization of

Case No.: 3:14cv637-LC/CAS

the petitioner's conviction and sentence.  28 U.S.C. § 2244(d)(1)(A) (2016).

If an illegal state action created an impediment which prevented the

petitioner from filing, the limitation period may run from the date on which

that impediment was removed.  *Id.* § 2244(d)(1)(B).  The limitation period

may also run from "the date on which the factual predicate of the claim or

claims presented could have been discovered through the exercise of due

diligence."  *Id.* at § 2244(d)(1)(D).  The limitation period runs from the date

of whichever event was latest.  *Id.* at § 2244(d)(1).  In essence, section

2244(d)(1) provides criteria under which the limitation period may be reset

by events after the petitioner's conviction and sentence become final.

Petitioner's claim under 2244(d)(1)(D) is without merit.[5]  By its plain

language, section 2244(d)(1)(D) applies only to the "factual predicate" of a

claim, not to its legal basis.  *Id.* at § 2244(d)(1)(D).  "'[I]t should go without

saying that a factual predicate must consist of *facts*.  Conclusions drawn

from preexisting facts, even if the conclusions are themselves new, are not

---

[5] Petitioner argues that the state post-conviction court's failure to appoint counsel to
represent him at the May 3, 2012, evidentiary hearing violated <u>Martinez v. Ryan</u>, 132 S.
Ct. 1309 (2012), and that his petition is therefore timely.  Even if Petitioner's asserted
<u>Martinez</u> violation has merit, a <u>Martinez</u> violation does not affect timeliness: <u>Martinez</u>
decided the narrow question of whether ineffective assistance of post-conviction
counsel "may provide cause for a procedural default in a federal habeas proceeding."
*Id.* at 1315.  <u>Martinez</u> does not address timeliness, and does not allow for review of
otherwise-untimely claims.  *Accord* <u>Saunders v. Lamas</u>, No. 12-1123, 2013 WL 943351
at *3 (E.D. Pa. Feb. 13, 2013) (discussing numerous cases).
Case No.: 3:14cv637-LC/CAS

factual predicates for a claim.'" Cole v. Warden, 768 F.3d 1150, 1155 (11th Cir. 2014) (emphasis in orginal) (quoting Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012)).  Petitioner does not contend that he was unaware of the factual basis for his claim—nor could he, because he was present in the courtroom for, and participated in, the hearing which forms the factual basis for the claim.  Rather, Petitioner's argument centers on the fact that he was not aware of the legal basis for his claim.  Section 2244(d)(1)(D) does not dispel the time bar on Petitioner's amended petition.

Petitioner's claim under section 2244(d)(1)(B)  likewise fails, because Petitioner's lack of familiarity with the law is not a state action.  Although it is true that Petitioner had asked the state post-conviction court to appoint counsel for him at the May 3 hearing, and that the court denied that motion, there is no federal constitutional right to assistance of counsel in post-conviction proceedings.  Barbour v. Haley, 471 F.3d 1222, 1227–30 (11th Cir. 2006).  Petitioner's repeated filings in Florida's state courts illustrate that any impediment to him raising Ground Eight did not "altogether prevent[] him from presenting his claims in *any* form, to *any* court." Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasis in original)

(citing <u>Lewis v. Casey</u>, 518 U.S. 343, 350–51 (1996)).  Therefore, Ground Eight of Petitioner's amended petition is also time-barred.

### C. Petitioner is not entitled to equitable tolling.

The limitation period established by section 2244 is not jurisdictional, and "does not set forth an inflexible rule requiring dismissal whenever its clock has run."  <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010) (internal marks omitted).  In addition to statutory tolling, the limitation period is also subject to equitable tolling.  *Id.* at 649.  Equitable tolling is available only if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" which prevented his timely filing.  <u>Pace</u>, 544 U.S. at 418.  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002).  Self-imposed delay in filing is not a circumstance which justifies equitable tolling.  <u>Pace</u>, 544 U.S. at 419 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation").

Petitioner does not allege any such extraordinary circumstance in either his petition, or in his response to Respondent's motion.  Rather, Petitioner indicates that he "vigorously attempted to exhaust each

constitutional claim through multiple pleadings where 'state law' applied various 'new rules' . . . during the time of Petitioner's multiple filings."  ECF No. 32 at 1.  After his motion of September 5, 2011, was denied by the First DCA on September 25, 2012, Petitioner made the conscious choice to continue filing motions for post-conviction relief in Florida's state courts. Petitioner pursued this strategy even after his first such motion was dismissed as untimely.  Having filed three motions which failed to conform to applicable state filing requirements, Petitioner then waited a further four-and-one-half months—from July 9, 2014, to November 20, 2014—before filing his petition for federal review.  Because the only circumstance which delayed Petitioner's filing was his own decision to continue litigating his claim in state courts, Petitioner is not entitled to equitable tolling.

## Conclusion

For all of the above reasons, Respondent's motion to dismiss Petitioner's section 2254 petition for a writ of habeas corpus as untimely should be granted.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that '[t]he district court must issue or deny a

Case No.: 3:14cv637-LC/CAS

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.*  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make "a substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining substantial showing).  Therefore, the Court may deny a certificate of appealability.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

## **Recommendation**

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 23) be **GRANTED** and the amended petition

for writ of habeas corpus pursuant to § 2254 (ECF No. 13) be **DISMISSED**

as untimely.

**IN CHAMBERS** at Tallahassee, Florida on January 25, 2017.

S/ Charles A. Stampelos_____
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of these objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.